## A. G. Woods *et al.* v. The State.

1. FALSE IMPRISONMENT. — The court instructed the jury that " it is a sufficient imprisonment to stop a man from going in any direction he may think proper; and it is not necessary that he be detained in any particular spot, so he is prevented from moving from place to place, or in the direction he wishes to go." *Held*, correct.

2. SAME. — Note the evidence on which the conviction was had.

APPEAL from the County Court of Cooke. Tried below before the Hon. W. H. HAYS, County Judge.

Kaufman, the party imprisoned, testified that he claimed a certain farm under a rental contract, and that Green Woods, one of the defendants, claimed it adversely as owner. That on September 10, 1877, witness was in the field getting ready to plow, when Green Woods came up and said he had a deed to the place, claimed it, and was in possession of it, and that witness should not plow there. Witness went on to hitch up his team, having his shot-gun in his hand. Green Woods went towards a cabin on the

place, and witness, having proceeded in the opposite direction and turned, saw him coming with a gun. When he got close, he halted witness, and asked A. G. Woods, his father, if he had a pistol, and handed one to his father, who stuck it in his belt. A. G. Woods, Charley Woods, and Bill Woods (co-defendants with Green) were all coming along behind witness when he met Green Woods, and were close to witness when he was stopped. Green Woods forbade witness plowing there, and witness forbade him plowing there, and then he replied that if witness plowed there he would have to plow over him. Green Woods held his gun about the cock, and pointing towards the ground. Bill Woods took out his pistol and cocked it, pointing it towards witness but not at him. Witness had his own gun all the time. They did not forbid witness going where he pleased, except that he could not plow there. Witness was not plowing when he was stopped, but was hunting for a weed-hook; they said he could hunt for the hook, but could not plow. Green Woods claimed the land and had done some plowing on it; and was there, and hitching up to go to plowing, when witness got there that morning. Witness did not see any of the defendants have any fire-arms until he went to hitch to his plow. Witness was not afraid of them and did not think they would hurt him. Neither party lived on the farm. After talking an hour or so, witness left.

There was other testimony to the same effect.

*C. C. & C. L. Potter*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The four appellants in this case were tried upon an information charging them with the false imprisonment of one J. P. Kaufman, and were convicted and fined

$25 each. The information, which is not objected to, was based upon article 2169, Paschal's Digest.

It is contended, and the main burden of complaint urged in the brief of counsel is, that the court erred in giving, as part of the general charge, the following instructions to the jury, viz. : " It is sufficient imprisonment to stop a man from going in any direction he may see proper ; and it is not necessary that he be detained in any particular spot, so he is prevented from moving from place to place, or in the direction he wishes to go."

We see no objection to this charge. It seems to express the same idea as that embraced in the statute, to wit, that false imprisonment is committed by the use of any " means which restrains the party detained from removing from one place to another, as he may see proper." Art. 2169. The charge in the case, taken as a whole, submitted the law as applicable to the facts fairly to the jury, and the defendants asked no additional instructions.

We see no error in the case requiring its reversal, and the judgment is, therefore, affirmed.

*Affirmed.*